UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 10-76-KSF

CATHY J. ADKINS                                                                                        PLAINTIFF

v.                               **OPINION & ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security                                             DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Cathy J. Adkins, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for period of disability and disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.    OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)     If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2)     If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3)     If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous

>   period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> (4) If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.
>
> (5) Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. § 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

**II.    PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION**

Plaintiff filed her applications for benefits on October 26, 2007 [TR 136, 144, 149]. Plaintiff's applications were denied initially and again on reconsideration [TR 88, 92, 95]. After a hearing before an Administrative Law Judge ("ALJ") on July 24, 2009 [TR 26], the ALJ issued an unfavorable decision on September 24, 2009 [TR 10-25]. Plaintiff's request for review to the Appeals Council was denied on June 10, 2010, and this decision of the ALJ now stands as the final decision of the Commissioner [TR 1-3].

At the time the ALJ rendered his decision, Plaintiff was 38 years old [TR 24]. She has a high school education, is able to read and is able to communicate in English [TR 24, 33-34]. Plaintiff has

past relevant work experience as a housekeeper, cashier, stocker and seamstress [TR 24, 35-37]. Plaintiff claims that her ability to work is limited due to heart problems, carpal tunnel syndrome, pulmonary artery, varicose veins, irritable bowel syndrome, foot surgery and depression [TR 160]. Plaintiff alleges that she became disabled on January 28, 2007 and that she stopped working because she had foot surgery and was unable to return to work [TR 160].

The ALJ began his analysis by determining that Plaintiff has met the insured status requirements of the Social Security Act through September 30, 2011 [TR 12]. At step one, the ALJ found that Plaintiff has not engaged in any substantial gainful activity since January 28, 2007, the alleged onset date [TR 12]. At step two, the ALJ determined that Plaintiff suffers from the following severe impairments: carpal tunnel syndrome; bilateral venous insufficiency; plantar fascitis and heal spur (left foot); obesity; asthma; degenerative joint disease (right knee); and depression [TR 12]. Continuing on to the third step, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments [TR 14-16].

Reviewing the entire administrative record and considering Plaintiff's testimony, the ALJ described Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff] is limited to lifting and/or carrying 20 pounds occasionally, 10 pounds frequently, limited to standing and/or walking a maximum of two hours per day and would not be pushing or pulling with the left leg. Non-exertional limitations are as follows. She may only occasionally climb, balance, stoop, crouch, kneel or crawl; and is not to climb ladders, ropes or scaffolds. She is to avoid work in excessive dust, fumes or gases, temperature extremes or high humidity. She is to avoid constant or repetitive motion of the right hand or wrist. Given the claimant's history of left feel [sic] spur plantar fasciitis [sic] resulting in a degree of left foot pain, it is not unremarkable to find this individual is moderately limited in the ability to maintain attention and concentration for extended periods. As to the claimant's depression, the claimant's ability to understand, retain and follow instructions is good; her ability to sustain attention to perform repetitive tasks is fair; to maintain

attention and concentration is fair; her ability to relate to other people is fair; her ability to tolerate stress and pressure associated with day to day work activity is fair.

[TR 16].

In making this RFC determination, the ALJ considered and made reductions based upon Plaintiff's demeanor as a witness [TR 21]. The ALJ considered his observations of Plaintiff while she testified, her demeanor, the way she answered the questions, and all of the other factors that go into assessing a witness' credibility, and found Plaintiff's credibility as a witness to be fair and her demeanor during the hearing consistent with the limitations established in her RFC [TR 21]. For example, although Plaintiff alleged an extensive list of impairments, the ALJ found that there is not a significant treatment history supporting these allegations in Plaintiff's evidence of record [TR 21-22]. In addition, at the hearing, although Plaintiff denied that she had ever been arrested [TR 22, 64], the ALJ noted that Plaintiff had a history of arrest for fighting [TR 22, 433]. Moreover, Plaintiff previously pled guilty to defrauding the government to receive Social Security benefits illegally [TR 22]. Over the course of eleven years, Plaintiff was overpaid $80,000 [TR 22, 225-231]. For all of these reasons, the ALJ found Plaintiff's testimony excessive and not fully credible [TR 22].

At step four of the analysis, considering the testimony of the Vocational Expert (the "VE"), the ALJ found that Plaintiff could not perform her past relevant work [TR 24]. Nevertheless, at step five the ALJ concluded that, based on Plaintiff's age, education, work experience, and residual functional capacity, as well as the testimony of the VE, Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy [TR 24-25]. Therefore, the ALJ determined that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 28, 2007 through the date of the ALJ's decision. [TR 25].

The ALJ's decision that Plaintiff is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied her request for review on June 10, 2010 [TR 1-3]. Plaintiff has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## I.   GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II.   ANALYSIS

On appeal, Plaintiff argues that the ALJ's determination was not based on substantial evidence or decided by the proper legal standards. First, she claims that the ALJ did not properly

consider the combined impact of her impairments. Second, she claims that the ALJ did not properly consider her pain and credibility. However, a review of the administrative record reveals that the ALJ's decision was based on substantial evidence and was decided by the proper legal standards.

> A. <u>The ALJ Considered the Combined Effect of Plaintiff's Impairments in Determining that Plaintiff Does Not Have an Impairment or Combination of Impairments that Meets or Medically Equals a Listed Impairment</u>

First, Plaintiff contends that, in determining whether Plaintiff's impairments met or medically equaled a listed impairment, the ALJ failed to consider the combined effect of her impairments. Plaintiff does not argue that the evidence relied upon by the ALJ in making his findings was flawed; rather, she argues that the ALJ did not consider all of Plaintiff's various impairments in making his findings. Specifically, Plaintiff argues that the ALJ failed to consider her migraines, sleep apnea and asbestosis; that the extent of her foot condition was dismissed; and that Plaintiff's pain would have more than just a moderate impact on her attention and concentration. However, the ALJ specified that he considered Plaintiff's "combination of impairments," including those deemed not severe, when determining that she did not meet any listing [TR 14, 16]. This circuit has specifically held that "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990)(quoting *Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987)). For this reason alone, Plaintiff's arguments fail.

Moreover, the ALJ actually made specific factual findings about Plaintiff's migraines, sleep apnea, asbestosis, foot condition and her pain. Indeed, the ALJ noted that Plaintiff alleged problems

6

with migraine headaches, but found that this impairment was not severe [TR 14]. The ALJ noted that an MRI in April 2001 and a CT in early 2006 were both negative [*Id.*]. In addition, the ALJ noted that Plaintiff made no complaint about migraines at the hearing and she does not take any headache medicine, such as Imitrex, Topamax or Maxalt [*Id.*]. Although the ALJ did not repeat his discussion of Plaintiff's migraines in conjunction with his step three findings, "[t]he mere failure to discuss every single impairment under the step three analysis is not a procedural error." *Bledsoe v. Barnhart*, 165 Fed.Appx. 408, 411, 2006 WL 229795 (6th Cir., Jan. 31, 2006)(unpublished). In addition, the ALJ also specifically discussed Plaintiff's allegations of asthma, sleep apnea and asbestosis and reasonably incorporated limitations resulting from those impairments into his RFC finding [TR16-17, 19]. Finally, Plaintiff complains that the ALJ dismissed the extent of her foot condition and did not adequately consider the extent of her pain. However, the ALJ thoroughly discussed Plaintiff's foot condition and her pain, including the opinion of Dr. Steven Lawrence, MD, [TR 14, 16-20, 22-23] and reasonably incorporated limitations resulting from Plaintiff's foot condition and her pain into his RFC finding [TR 16]. Thus, contrary to Plaintiff's arguments, the ALJ did consider the combined impact of Plaintiff's impairments when determining that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment, including Plaintiff's migraine headaches, sleep apnea, asbestosis, foot condition and pain. Instead, a review of the ALJ's opinion reveals that the ALJ properly considered Plaintiff's condition as a whole. There is no indication that the ALJ parceled out any of Plaintiff's impairments; rather, the ALJ properly discussed all of Plaintiff's impairments in reaching his decision and the ALJ's findings with respect to the severity of these impairments are supported by

substantial evidence. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 591-92 (6th Cir. 1987).

  B. <u>The ALJ's Findings Regarding Plaintiff's Pain, Complaints of Fatigue and Credibility are Supported by Substantial Evidence</u>

Next, Plaintiff claims that the ALJ erred by failing to adequately consider Plaintiff's pain, complaints of fatigue, and credibility. Plaintiff argues that the ALJ improperly relied too heavily on Plaintiff's indictment in finding her not credible and that there is objective evidence from Plaintiff's medical records that bolsters her allegations of pain. Plaintiff relies on her subjective allegations of disabling pain and on her medical, therapy and sleep study records as objective evidence of underlying conditions that could reasonably be expected to produce her alleged disabling pain, fatigue and impairments. Thus, she argues that the ALJ's conclusion that she is not disabled is not supported by the evidence.

A plaintiff's subjective statements of pain or other symptoms, taken alone, cannot support a finding of disability. 20 C.F.R. § 404.1529 (a)-(e). *See also Tyra v. Secretary of Health and Human Services*, 896 F.2d 1024, 1030 (6th Cir. 1990). The Sixth Circuit Court of Appeals has developed a two-prong test to evaluate a claimant's assertions of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531(citations omitted).

In addition, "in evaluating complaints of pain, an ALJ may properly consider the credibility of the claimant." *Id*. (citing *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 538 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). Although an ALJ's assessment of a claimant's

8

credibility must be supported by substantial evidence, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531 (citations omitted).

In support of her arguments, Plaintiff cites to Dr. Lawrence's notes that conservative and surgical treatment had failed with regards to Plaintiff's foot condition [TR 469]. She also states that her pain continued after her January 30, 2007 surgery for her foot and cites to an April 18, 2007 physical therapy record indicating that she continued to have edema and gait deviations with decreased weight bearing to the left heel [TR 319-321, 355]. She also cites to a February 2008 medical record from Dr. Eugene DeGiorgio opining that Plaintiff had a fibrous union between the navicular and the calcaneus [TR 464-465], as well as an MRI showing edema at the peroneus longus tendon [TR 503]. Plaintiff argues that these records show significant impairment to her foot that continued despite surgery. However, in this case, there is no dispute that Plaintiff has a foot impairment. Rather, the relevant inquiry is the extent of the pain and, accordingly, any limitations resulting from this impairment. Although the records cited by Plaintiff confirm that she has a foot impairment and that she reported to her doctors that she was experiencing pain, none of the records relied upon by Plaintiff provide objective medical evidence confirming the severity of the pain that she alleges. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition); *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988)(a claimant diagnosed with dysthymic disorder must nevertheless establish that the condition was disabling).

To be sure, the ALJ recognized that Plaintiff's foot condition does cause her pain and, as a result, reasonably incorporated limitations resulting from this pain into Plaintiff's RFC. Specifically, the ALJ found that Plaintiff should be limited to the following: lifting and/or carrying 20 pounds occasionally, 10 pounds frequently; standing and/or walking a maximum of two hours per day; no pushing or pulling with the left leg; she may only occasionally climb, balance, stoop, crouch, kneel or crawl; and she is not to climb ladders, ropes or scaffolds [TR 16]. The ALJ's findings in this regard are supported by substantial evidence. At the hearing, Plaintiff testified that her sitting and lifting is not limited by her condition [TR 44-45]. Dr. W.R. Stauffer opined that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds (although not repetitively), could stand or walk two hours in an eight hour day and could sit for up to six hours in an eight hour day [TR 439]. Similarly, consultant Dr. Timothy Gregg, M.D., opined that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, stand and/or walk about six hours in an eight hour day and sit for about six hours in an eight hour day [TR 457]. Thus, substantial evidence supports the ALJ's findings regarding the degree of limitation resulting from Plaintiff's foot condition. Moreover, this evidence is not contradicted by any objective evidence contained in the medical records relied upon by Plaintiff.

In addition, Plaintiff cites to records from sleep studies revealing that Plaintiff suffered from sleep apnea and chest x-rays showing asbestosis [TR 582, 589]. According to Plaintiff, these conditions support her complaints of fatigue and shortness of breath. Again, although the medical records referred to by Plaintiff document that she had sleep apnea and asbestosis, they do not confirm her allegations of the severity of her alleged symptoms, particularly that she was suffering from disabling fatigue. Thus, Plaintiff has failed to establish any total disability resulting from the alleged

10

diagnosis, as there is simply no evidence in the record that Plaintiff's alleged sleep apnea and asbestosis are disabling. *See Higgs*, 880 F.2d at 863; *Foster*, 853 F.2d at 489. Rather, the evidence shows that, despite being diagnosed with asthma, sleep apnea and asbestosis, Plaintiff had not had any significant treatment interventions, nor is there any evidence of hospitalizations, emergency room visits, or steroid use due to respiratory problems [TR 19, 21]. In fact, Plaintiff's treating physician noted that Plaintiff's asthma was well controlled by her prescribed medication and that she had even, non-labored breathing with no rubs or diminished breath sounds [TR 21, 582]. Dr. Michael Ehrie and Dr. Stauffer both found that Plaintiff should avoid exposure to chemicals, fumes, odors, dust, gases and poor ventilation [TR 22-23, 274, 439]. However, the ALJ reasonably accounted for and incorporated these limitations into Plaintiff's RFC [TR 16]. The ALJ's findings with respect to Plaintiff's sleep apnea and asbestosis are supported by substantial evidence and are not contradicted by the records relied upon by Plaintiff.

Plaintiff also cites to the vein ligation that was performed on her right leg in May 2004 [TR 52, 53, 248]. Again, although the medical record cited by Plaintiff confirms that she had vein ligation on her right leg in May 2004, it fails to offer any objective proof confirming the severity of pain in her right leg. In fact, at the hearing, Plaintiff testified that this surgery eliminated the pain in her right leg and that, although she still experiences swelling in both legs, she no longer gets the kind of ache that led to the vein ligation [TR 53]. With respect to the swelling, she further testified that, although she has been instructed to wear support hose to help with her symptoms, she chooses not to because the hose are uncomfortable [*Id.*]. Thus, considering this testimony and other evidence in the record, the ALJ's conclusions with respect to Plaintiff's right leg pain are supported by substantial evidence.

In determining that Plaintiff's subjective allegations of disabling pain resulting from her foot and leg conditions, as well as disabling fatigue from her respiratory symptoms, are not credible, the ALJ reasonably considered Plaintiff's demeanor as a witness, her prior history of pleading guilty to defrauding the government, and her testimony regarding her daily activities. As noted above, an ALJ may "consider the credibility of a claimant when making a determination of disability." *Cruse v. Commissioner of Social Security*, 502 F.3d 532, 542 (6th Cir., Sept. 24, 2007)(quoting *Jones v. Commissioner of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003)). In fact, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. In addition, an ALJ is justified in considering Plaintiff's "ability to conduct daily life activities in the face of his claim of disabling pain." *Warner v. Commissioner of Social Security*, 375 F.3d 387, 392 (6th Cir. 2004). *See also* 20 C.F.R. § 404.11529(c)(3); SSR 96-7p, 1996 WL 374186 at *3; *Cruse*, 502 F.3d at 542 ("An ALJ may also consider household and social activities engaged in by the claimant in evaluating the claimant's assertion of pain or ailments.")(quoting *Walters*, 127 F.3d at 532). It is within the province of the ALJ to resolve conflicts in the evidence and decide questions of credibility. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). Plaintiff has failed to dispute the ALJ's reasons for rejecting her testimony. Inasmuch as Plaintiff has failed to explain how the ALJ's credibility finding was not supported by substantial evidence, the Court will not disturb the ALJ's credibility finding.

For these reasons, Plaintiff has failed to meet her burden of proving that her impairments met or medically equaled a listed impairment or that her conditions caused disabling limitations. The record contains substantial evidence in support of the ALJ's determination that Plaintiff does not

have an impairment or combination of impairments that meets or medically equals a listed impairment, his assessment of Plaintiff's ability to work, and his finding that Plaintiff's allegations of disabling pain and fatigue were not totally credible. Upon review, the Court finds that substantial evidence supports the ALJ's findings and his conclusion that Plaintiff is not disabled.

C.  This Case is Not Appropriate for Remand

Plaintiff argues that, even if the Court cannot conclude that the ALJ erred and that Plaintiff should be found disabled, the Court should remand the case to the ALJ for the taking of additional evidence. However, Plaintiff offers no explanation of why this case is appropriate for remand. Accordingly, the Court finds that remand is not necessary.

IV.  **CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's motion for summary judgment [DE #9] is **DENIED**;

(2) the Commissioner's motion for summary judgment [DE #12] is **GRANTED;**

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4) a judgment consistent with this Opinion & Order will be entered contemporaneously.

This September 2, 2011.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**